**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JUL 14 2021**

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

Tyler Himelstieb _____, Plaintiff

v.

Mental Health Clinician Brandenburg,

Prison Nurse Terry Martinez,

Mental Health Supervisor Robinson,
Mental Health Supervisor Nancy Smith,
Prison Guards, John Doe A, B, and C Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in
the space provided, please write "see attached" in the space above and attach an additional
sheet of paper with the full list of names. The names listed in the above caption must be
identical to those contained in Section B. Do not include addresses here.)*

---

**PRISONER COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files. Under this rule, papers filed with the court should not
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number. A filing may include only: the
last four digits of a social security number; the year of an individual's birth; a minor's initials;
and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other
materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Tyler Himelstieb, #757915, SCCF, P.O. Box 3, Pueblo, CO 81002
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
__X__ Convicted and sentenced state prisoner
____ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Brandenburg, Mental Health Clinician
(Name, job title, and complete mailing address)

SCCF, P.O. Box 3, Pueblo, CO 81002

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Defendant Brandenburg was acting as a Mental Health Clinician at a Colorado State Correctional Facility

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 2: <u>Terry Martinez, Prison Nurse at San Carlos Correctional</u>
<u>Facility</u>
(Name, job title, and complete mailing address)

<u>SCCF, P.O. Box 3, Pueblo, CO 81002</u>

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

<u>Defendant Terry Martinez was acting as a Prison</u>
<u>Nurse at San Carlos Correctional facility</u>

Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3: <u>Nancy Smith and Robinson, Mental Health Supervisors</u>
(Name, job title, and complete mailing address)

<u>SCCF, P.O. Box 3, Pueblo, CO 81002</u>

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?  ___ Yes ___ No (*check one*).  Briefly explain:

<u>Nancy Smith and Robinson was acting as a Mental</u>
<u>Health Supervisor at San Carlos Correctional facility</u>

Defendant 3 is being sued in his/her _X_ individual and/or _X_ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_    42 U.S.C. § 1983 (state, county, and municipal defendants)

___    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
       (federal defendants)

___    Other: (*please identify*) <u>Plaintiff also seeks Pendent (supplemental)</u>
       <u>Jurisdiction for violations of</u>
       <u>State law.</u>

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>All Claims 1-5 begin-continued to pages "G" and "H."</u>

Supporting facts: All supporting Facts contained on pages 4-4G

1. On July 24th, 2020, Plaintiff Tyler Himelstieb, arrived at the San Carlos Correctional Facility (Colorado State Department of Corrections, Mental Health treatment Facility).

2. Nurse Terry Martinez (Facility intake charge nurse), failed to provide Plaintiff with his prescribed psychotropic medication even after urgent requests. Plaintiff, had not been given his a.m. medication at the previous DOC facility before being transferred to San Carlos. This medication was prescribed by DOC psychiatrists to controll Plaintiff's serious, diagnosed, mental illness. Defendant, Nurse Terry Martinez, simply refused to give Plaintiff his medication; Plaintiff believes, due to indifference and her having to retrieve the medication in another area of the facility.

4

**E.   PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? __X__ Yes ____ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): Stephanie Dalton, Health Service Admin. Doctor Cook, Dentist

Docket number and court: 1:20-CV-02657-KLM

Claims raised: deliberate indifference, injury with respect to denial of Dental treatment

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) Case is still pending

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____

**F.   ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   __X__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   __X__ Yes ___ No (*check one*)

## G.   REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

CLaim 1. Plaintiff seeks two-hundred fifty thousand dollars, ($250,000.00) in compensatory damages from defendant Brandenburg and Terry Martinez for physical and emotional suffering. Plaintiff requests Defendants pay all court costs in this action.

Claim 2. Plaintiff seeks one-hundred thousand dollars, ($100,000.00) in compensatory damages from Defendants Nancy Smith, and Robinson. Also Prison Guards John Doe A, B, and C.

Claim 3. Jointly, Plaintiff seeks fifty-thousand dollars, ($50,000.00) from each Defendant in punitive damages.

## H.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

7/11/21
_____
(Date)

(Form Revised December 2017)

6

# INFORMATION AND INSTRUCTIONS FOR FILING
## A PRISONER COMPLAINT

Attached are the forms you will need to file a Prisoner Complaint.  All questions must be answered clearly and concisely in the appropriate space on the forms.  Attach an additional page if you need extra space to answer a question, clearly identifying the question to which the additional page pertains.  Absent prior order of the court, the total length of the Prisoner Complaint, including the form and all additional pages, may not exceed thirty pages.  Pursuant to the Court's local rules, the Prisoner Complaint and all other papers must be typewritten or legibly handwritten, text shall be printed on only one side of each page, all documents must be filed on paper that measures 8.5 inches by 11 inches, and all papers shall include margins of 1.5 inches at the top and 1 inch at the left, right, and bottom.

You should exercise care to assure that all answers are true, correct, and complete.  You are cautioned that any deliberately false statement of a material fact may serve as a basis for prosecution and conviction for perjury.  You must sign each form.  Further instructions for completing these forms are provided below.

## The Filing Fee and 28 U.S.C. § 1915
1.      Prisoners seeking leave to proceed under 28 U.S.C. § 1915 must comply with the following procedures.  Section 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2.      The complaint must be accompanied by the full $350.00 filing fee plus an additional $52.00 administrative fee, for a total payment of $402.00.  The fees may be paid in cash, by money order, by credit card, or by check payable to:  Clerk, U.S. District Court.  There are no fees for a jury demand, an answer, or other similar papers.  A schedule of other fees charged by the Court is attacked to the Local Rules of Practice for the United States District Court for the District of Colorado.  A copy of the Local Rules of Practice is available from the Clerk of the Court or from the Court's website.

3.      If you want to commence an action without prepayment of fees or security, you must file a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915.  You also must submit a signed authorization for disbursement of funds from your inmate trust fund account and a certified copy of your trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each penal institutional at which you are or were confined during the six-month period.  The Court cannot consider the merits of the claims asserted in any complaint filed without either the required filing fees paid in advance or a properly completed motion, affidavit, authorization, and certified copy of your trust fund account statement (or institutional equivalent).

4.      If you are proceeding pursuant to 28 U.S.C. § 1915 and the motion, affidavit, and certified copy of your trust fund account statement (or institutional equivalent) are in proper form, you must pay the full $350.00 filing fee in monthly installments.  *See* 28 U.S.C. § 1915(b)(1). The Court will enter an order directing your custodian to calculate and disburse funds from you inmate trust fund account or institutional equivalent in the amounts specified by 28 U.S.C. § 1915(b) until the full $350.00 filing fee is paid.

**The Complaint**
1. '      Each named defendant must be listed in the caption of the complaint, one defendant' per line.   If there is more than one defendant, you should indicate clearly in the body of the complaint which actions are attributable to each defendant.

2.      You must provide the Court with an original complaint.   You should keep a copy of the complaint for your own records.   The Court will not provide a copy for you.

3.      When your complaint is completed, it should be mailed with the filing fee or motion for leave to proceed pursuant to 28 U.S.C. § 1915 to the Clerk of the United States District Court at the following address:

Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, CO 80294-3589

4.      Each original document (except the original complaint) must include a certificate stating the date a copy of the document was mailed to the opposing party or his, her, or its attorney and the address to which it was mailed.   Any document that fails to include a certificate of service may be disregarded by the Court or returned.   An example of a certificate of service is:

I hereby certify that a copy of the foregoing pleading/document was mailed to
_____ (defendant(s) or counsel for defendant(s))
at _____ (address) on _____, 20____.


_____
Plaintiff's Original Signature

5.      The United States district judges, the United States magistrate judges, the Clerk of the Court, and deputy clerks are officers of the Court and are prohibited from giving legal advice. Legal questions should be directed to an attorney.

(Rev. 8/24/15)                                        2

Supporting Facts

4-A

3. Plantiff's extreme Symptoms of his mental illness without medication, and the stress from worrying about the medication mentioned herin, are severe, and include "banging his head" so severly, it at times requires hospitalization to treat the physical damage to Plantiff's head. Defendant Nurse, Terry Martinez, was at all times herin aware of Plantiff's condition from his previous stay at the San Carlos treatment facility where Plantiff several times was treated for head injuries due to his uncontrolled "head-banging". Plantiff realized that Defendant Terry Martinez Simply refused his medication simply because it was to much trouble.

4. Plaintiff, was triggered by the unreasonable action of Nurse Terry Martinez's refusal to provide him with his necessary medication, and began banging his head in intake, shortly after his arrival to San Carlos on July 24th, 2020.

5. At That point Terry Martinez (defendant), and mental health Clinican Defendant Brandenburg, both had knowledge Plantiff

Supporting Facts

4-B

had not received his medication, and
that culminated in Plaintiff's head
banging.

6. Later on 7/24/20, Defendant Brandenburg,
Facility mental health clinician, met with
Plaintiff. Plaintiff again advised Defendant
Brandenburg that he needed his medication
and that was the event that triggered
his head banging. Plaintiff still was not
provided with his prescribed and necessary
medication.

7. Defendant Brandenburg, authorized
Plaintiff to be taken to a regular
housing unit within the facility. Plaintiff's
understanding was that he would receive
his medication shortly after his arrival to
Unit 2-west.

8. Before Plaintiff's move to Unit 2-west
Defendant Nurse Terry Martinez failed to stop
the bleeding to Plaintiff's head due to
his head banging mentioned herein. Plaintiff
arrived to Unit 2-west with blood from
his head injury "dripping" down his face. Inmates
and other facility employees recognized this and
questioned why Plaintiff was not being medically
treated by Defendant Nurse Terry Martinez.

## Supporting Facts

4-C

9. Defendant Nurse Terry Martinez, and Defendant mental health clinician Brandenburg Plaintiff observed, were angry and Hostile toward Plaintiff due to the effort required by them to treat Plaintiff's head injury, and escalating mental health symptoms, Plaintiff realized both Defendants Terry Martinez, and Brandenburg, simply were angry at Plaintiff because they were required to attend to Plaintiff's obvious medical and mental health needs.

10. Shortly after Plaintiff's transfer to Unit 2-west as mentioned on 7/24/2020, Plaintiff became desperate, as the medications he required, mentioned herein, was still being denied. At this point Plaintiff realized Defendants Terry Martinez, and Brendenburg were intentionally denying Plaintiff his medication out of anger and hostility.

11. Plaintiff, shortly thereafter on 7/24/20, began "banging his head" so severely he had to be taken to Park View hospital's emergency care where he remained approximately seven (7) hours for treatment of severe lacerations to his head resulting from Plaintiff's uncontrolled head banging and desperation, a symptom of Plaintiff's serious mental health diagnosis.

<u>Supporting facts</u>

<u>4-D</u>

12. Upon Arrival back to San Carlos, from Park View Hospital, 7/24/20, Defendant Brandenburg was angry and hostile toward Plaintiff for banging his head after Plaintiff voiced to her previously that he would not, assuming he would have been given the medication mentioned herein, to which he was denied

13. Defendant Brandenburg, in consultation and knowledge with San Carlos mental health Supervisors Defendant Nancy Smith, and Defendant Robinson (Mental health supervisor), Plaintiff believes, concerted and devised an unlawful plan to punish Plaintiff for the inconvenience and effort required by them to treat the complications of Plaintiff's head banging resulting, for the most part, from denial of his medication mentioned here in.

14. Defendant Brandenburg on 7/24/20, ordered Plaintiff to be "4 pointed" to a steel bed (thin matress) with Metal restraints to his hands and feet.

15. Defendant Brandenburg, and Defendants' Nancy Smith, and Robinson, predetermined that Plaintiff would be subjected to this punishment, not for any

Supporting Facts

4-E

legitimate mental health treatment
or precaution, but out of anger, hostility,
and motivation to cause physical and psychological
pain to Plaintiff for his head banging,
which caused the Defendants' extra
effort and paperwork (reports).
16. Defendant Brandenburg, knowing
it was predetermined that Plaintiff
would be "4-pointed" regardless of necessity
to protect Plaintiff, or the legitimate
protocol required by her before determining
Plaintiff required 4-point restraint, simply
did not comply with that mandated protocol.
17. Defendants' Brandenburg, Nancy
Smith, and Robinson, took action to Leave
Plaintiff "4-pointed" for approximately "twenty-four"
(24) hours in an effort to punish Plaintiff,
and torture him from further "head banging"
as mentioned here in.
18. Plaintiff, was tethered to a bed
frame with metal handcuffs to both hands
and feet, stretching his arms in stress positions,
unnatural, and physically painful (pulling his shoulders)
forward while his wrists were secured far
in front to the sides of the bed frame.

<u>Supporting Facts</u>

<u>4-F</u>

19. Defendant prison gaurds John Doe A, John Doe B, and John Doe C, charged with unsecuring and resecuring Plaintiff's 4-point restraints, were untrained in this procedure and tightened or loosened Plaintiff's restraints without the knowledge or experience, or training required to prevent physical pain to Plaintiff.

20. During the approximately twenty-four hours Plaintiff was 4-pointed he repeatedly advised prison guard Defendants A, B, and C, that he was in pain (more severe in his shoulders, wrists, and ankles). Defendant prison guards A, B, and C, simply ignored Plaintiff's pleas or stated "we are just doing what we are told," indifferent to Plaintiff's obvious physical pain.

21. For the preceeding approximately twenty-four hours Defendants' Brandenburg, Nancy Smith and Robinson, conducted no required periodic reviews to determine Plaintiff's mental health condition or continued need for 4-point restraint.

22. Defendant Nurse Terry Martinez, and prison gaurd Defendants A, B, and C, took no action to relieve the physical pain Plaintiff remained in for approx twenty-four hours

## Supporting Facts

### 4-G

due to the improper securing of the metal restraints which bound him.

23. Plaintiff suffered anxiety (panic attacks), and the restriction caused Plaintiff the feeling of inability to breath freely. This continued the twenty-four hours Plaintiff was 4-pointed. Defendants' prison guards John Doe A, B, and C, and Defendant Nurse Terry Martinez, with the knowledge and permission of Defendants Brandenburg, Nancy Smith, and Robinson, appeared to in demeanor and voice to acknowledge Plaintiff was being punished for banging his head, not 4-pointed according to protocol and legitimate mental health treatment.

24. Plaintiff's restraints mentioned herein, described herein, were tightened unnecessarily to cause him physical pain in all Defendants' efforts to punish Plaintiff, make an example of him to other prisoners, and in an effort to torture Plaintiff from further head-banging.

25. Prison guard Defendants A, B and C, by their action and verbalization appeared to take a sadistic pleasure in controlling how much pain they would leave Plaintiff in, by tightening of loosening the restraints mentioned here in,

# Claims

4-H

## Claim 1

Defendants Nurse Terry Martinez, Brandenburg, Nancy Smith, Robinson, and Prison Guards John Doe A, B, and C, subjected Plaintiff to Cruel and Unusual Punishment in Violation of the Eighth, and Fourteenth Amendments To The United States Constitution as a Colorado State Prisoner, for excessive Force, and physical unlawful restraint, amounting to physical torture.

## Claim 2

Defendants, Nurse Terry Martinez, violated Plaintiff's guarantee to medical treatment in violation of the Eighth and Fourteenth Amendments to the United states Constitution, by denying Plaintiff legally prescribed medication which resulted in physical, and emotional injury to Plaintiff.

## Claim 3

Defendant, Nurse Terry Martinez, violated Plaintiff's Eighth and Fourteenth Amendments to The United States Constitution for intentional indifference to his serious medical needs by leaving Plaintiff

# Claims

## 4-I

bleeding from Plaintiff's head injury.

## Claim 4

Defendants, Prison Guards John doe A, B, and C, and Defendant Nurse Terry Martinez; violated Plaintiff's Eighth and Fourteenth Amendment to the Constitutional guarantees against Cruel and Unusual Punishment, by knowingly and intentionally causing Plaintiff prolonged physical and emotional pain in an effort to punish Plaintiff for his mental health Symptoms.

## Claim 5

All Defendants, Nurse Terry Martinez, Brandenburg, Nancy Smith, Robinson, and Prison Guard Defendants A, B, and C, violated Plaintiff's Constitutional guarantees as they acted in concert with a devised plan and scheme to punish Plaintiff for his mental illness in the pretense of Mental health treatment, in violation of 42 U.S.C. section 1985, The eighth and Fourteenth Constitutional Amendments, and 42 U.S.C. Section 1986. All Defendants acted in concert with the identical intent to deprive Plaintiff protection under the United states constitution protections guaranteed to him.